UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

PAN-AMERICAN LIFE INSURANCE COMPANY, ET AL.,

                               **Plaintiffs,**

                               -against-

ANTARTICA CAPITAL MANAGEMENT, LLC, ET AL.,

                               **Defendants.**

------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12/15/2020

**20-cv-9236-ALC**

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

On November 4, 2020, Plaintiffs Pan-American Life Insurance Company, Vista Life & Casualty Reinsurance Company, and Vista PC3.19 IC, Inc filed a Complaint against Defendants Antarctica Capital Management, LLC, Antarctica Vista Legacy Investment, LLC, and DLA Piper, LLP. ECF No. 1. The Complaint alleged the Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiffs and Defendants are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. ECF No. 1 ¶¶ 1-9.

In its review of the Complaint, the Court identified several deficiencies that prevented the Court from identifying the citizenship of the parties and concluding there was diversity jurisdiction. On November 12, 2020, the Court issued an Order to Show Cause why this matter should not be dismissed for lack of subject matter jurisdiction on the basis of these deficiencies. ECF No. 8.

On November 30, 2020, Plaintiffs filed an Amended Complaint, ECF No. 10, and a response to the Court's Order to Show Cause, ECF No. 11. The Amended Complaint alleges that

Plaintiffs are citizens of Vermont or Louisiana. ECF No. 10 ¶¶ 3-5. It alleges that Defendants are citizens of Arizona, California, Connecticut, the District of Columbia, Delaware, Florida, Georgia, Illinois, Maryland, Massachusetts, Michigan, Minnesota, New Jersey, New York, North Carolina, Pennsylvania, Puerto Rico, Texas, Virginia, Washington and Wisconsin, and the countries of the Republic of Korea and Mexico. ECF No. 10 ¶¶ 6-8.

On December 7, 2020, the Antarctica entities filed a response indicating that the Amended Complaint correctly asserts jurisdictional facts as to them and that they do not intend to challenge the existence of subject matter jurisdiction based on diversity of citizenship. ECF No. 20 at 1. DLA Piper filed a separate response wherein it admitted the allegations of citizenship in the Amended Complaint, except that it denied any of its partners are domiciled in Puerto Rico. ECF No. 19 at 1. DLA Piper also stated that it would not dispute that diversity jurisdiction exists in this matter. ECF No. 19 at 2.

Based upon the Amended Complaint, the Court concludes it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). "District courts possess original jurisdiction over actions between 'citizens of a State and citizens or subjects of a foreign state,' and between 'citizens of different States and in which citizens of a foreign state are additional parties.'" *CP Sols. PTE, Ltd. v. GE*, 553 F.3d 156, 158 (2d Cir. 2009) (citing 28 U.S.C. § 1332(a)(2), (3)). It is also long established that "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different state from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Here, no defendant is a citizen of the same state as any plaintiff. DLA Piper, by virtue of its members' citizenship, is a citizen of Mexico and Korea. This does not destroy diversity because there are no aliens among the Plaintiffs. *See Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("[D]iversity is lacking . . . where on one side there are citizens and aliens

and on the opposite side there are only aliens."); *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989) ("The general rule requiring complete diversity between opposing parties is explicit and unequivocal. . . . Clearly, this rule applies in cases where aliens appear on both sides of a case.) The Court is therefore satisfied that there is complete diversity among the parties.

For the reasons above, the Court concludes that it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). This resolves the Court's Order to Show Cause.

**SO ORDERED.**

**Dated:** December 15, 2020

New York, New York

**ANDREW L. CARTER, JR.**

**United States District Judge**

3